Sewall, J.
By the plea in this case, the defendant has put in issue, whether he and those with or for whom he acted in his entry upon the place where, &.C., are the owners of the soil and freehold, or not; the affirmative of * this issue being with the defendant. To maintain it, he relies on a survey by Baric Holland, and a deed by the committee of eastern *177 lands, made to the defendant and the others named in his plea, in which they are called the assignees of James Budge, a settler in 1784, upon the tract of land confirmed to the defendant and others. The metes and bounds, according to the said survey, are set forth in this deed, and all the right, interest, and estate, of the commonwealth in the tract described are sold, relinquished, and quitclaimed, to the defendant, and the others named in his plea. This deed is dated the 2d of March, 1802, and the tract described includes the place where, &c.
The plaintiff endeavors, first, to establish a dividing line, w hich includes the place where, &c., with his lot adjoining to the lot of land claimed by the defendant. And for this purpose, the plaintiff relies on certain evidence offered at the trial, to prove the adjustment of a dividing line between the said adjoining lots, by referees appointed and acting pursuant to a certain resolve of the legislature of March 5, 1801.
The ground upon which this evidence was rejected, has been ex plained to be, not any defect in the authority or proceedings of the referees, but the conclusive nature and effect of the survey and deed from the committee, pursuant to the same resolve.
The plaintiff has also attempted to disprove the defendant’s title, or to invalidate the deed from the committee of eastern lands, upon which the defendant relies, by proving that another person, viz.: one Thomas Smart, and not James Budge, was, in fact, the settler on the lot conveyed to the defendant and others, as the assignees of James Budge. And the same question arises, in this view of the case, how far the act of the committee of eastern lands, in a deed or conveyance made under the resolve of March, 1801, respecting settlers in Bangor, is conclusive in determining the titles of individuals claiming as assignees of the first settlers.
*If the deed of the committee is conclusive, so far as the claims of individuals are concerned, then the deed to the defendant, and the others named in his plea, has determined the soil and freehold of the place where, &c., to be in them, by excluding or overruling the evidence offered of a different dividing line between the lots possessed by the defendant and the plaintiff respectively, and by proving the title of the defendant exclusively, according to the boundaries expressed in his deed.
And we are all of the opinion that the deed from the committee of eastern lands is in both respects conclusive.
The resolve of March, 1801, is not a grant to individuals by name, or by any description, independent of the inquiry and determination of the committee. Settlers, who are to be quieted in their occupancies and possessions, are not recognized in the resolve as *178 persons entitled against the commonwealth, when the fact of the first occupancy and improvements shall be known, but as persons to whom the bounty of the commonwealth is to be extended, in the manner therein described, and up6n the conditions expressed. The direction of this bounty is exclusively in the committee, to whom the surveys are to be reported, and by whom the particular lots are to be confirmed to the individuals to whom they shall be surveyed, by deeds in behalf of the commonwealth ; and by these deeds, lines and boundaries in dispute between individuals claiming as occupants, must be considered as settled and ascertained.
And as to both questions, the decisions of the commonwealth, understood by their deeds to individual claimants, were final and conclusive.
Any other construction would, in our opinion, render the resolve of the legislature void and useless, or mischievous in the highest degree for its uncertainty, and by rendering it the source and occasion of endless quarrels and contentions. If a transient possession of land * might thus become a title, what committee, or judicial court, can ever settle the question, who was the first settler, or who are his representatives.
As to the title of the defendant, it seems to have been a question between Thomas Smart and James Budge. This question the committee have determined conclusively, as we think, at least as to them; neither of them claiming by any right, but entirely as subjects of the bounty and grace of the commonwealth. If the committee, acting for the commonwealth, have been deceived, perhaps the prerogative of the sovereign extends to the correction of an error of this kind, and to control even subsequent conveyances. But this prerogative is in no respect an authority to individuals, to settle between themselves the question, which was the first settler, in order to ascertain whether the government have been deceived as to the individual to whom a grant has been made. Until revoked by the government, that grant continues in full force, and is an exclusive title to the individual to whom it is made, against all other individuals.
The same observations apply to the question of the boundary line, especially when we understand this to be between persons claiming under the same resolve, by which the bounty of the legislature was conferred. The committee of eastern lands have decided between them, and have ascertained the boundaries of their respective claims. Their possessions, as rightful, are to be restricted to the boundaries assigned them in the gift of confirmation, accorded to them respectively by the committee.

Judgment according to the verdict.